**IN THE COURT OF APPEALS OF IOWA**

No. 25-0893
Filed August 6, 2025

**IN THE INTEREST OF A.T.,**
**Minor Child,**

**J.M., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED**.

Sabrina M. Dow of Iowa Legal Aid, Mason City, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Jane Wright, Forest City, attorney and guardian ad litem for minor child.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

The juvenile court terminated the mother's parental rights to her daughter, A.T., born in 2021. The court found there was clear and convincing evidence for termination pursuant to Iowa Code section 232.116(1)(h) (2025),[1] termination is in the best interests of the child, as mandated by section 232.116(2); and no permissive exception applied, as enumerated by section 232.116(3). The mother appeals, arguing, "The State . . . failed to provide clear and convincing evidence" the child could not be returned to her at the time of the termination hearing, termination is not in the best interests of the child, and there is clear and convincing evidence in the record that termination would be detrimental to the child because of the parent-child bond.[2] To these challenges, the State responds that the mother waived her claims, as her sparse arguments "fail[ed] to adequately develop and formulate a position for review." We only reach the merits of the mother's argument about the permissive exception; we affirm the termination of her parental rights.

---

[1] Section 232.116(1)(h), which allows termination of a parent's rights when the court finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[2] The mother also makes a passing reference in her appellate brief requesting an additional six months to work toward reunification, but she makes no argument or cites authority; we do not consider it.

We review termination proceedings de novo. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence.'" *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (internal citation omitted).

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis. First, we must determine whether any ground for termination under section 232.116(1) has been established. If so, we next determine whether the best-interest framework . . . supports the termination of parental rights." *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021) (cleaned up). If we find it is in the child's best interests to terminate parental rights, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (citation omitted).

First, the State contends that each of the mother's three arguments are waived because the mother's sparse briefing failed to "formulate a position for review." We agree as to her challenge that the State failed to prove the statutory ground under section 232.116(1)(h) because the child could be returned to her at the time of the termination hearing. As the State argues, outside of a brief statement parroting the statutory language by the mother, with no argument or legal authority, there is no "meat" to the challenge. Without any elaboration, citations, or supporting authority, the mother waived her challenge to step one. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing

argument is insufficient to identify error in cases of de novo review."); *accord In re J.R.*, No. 22-1470, 2023 WL 2148760, at *3 (Iowa Ct. App. Feb. 22, 2023) (concluding that "sprinkled mentions of an issue" do not properly raise the issue for our consideration). We do not address it further.

We take a similar approach to the mother's best-interests-challenge because the mother only referenced the appropriate statute and asserted "[t]here is no evidence indicating that terminating Mother's rights is in the child's best interest under this [s]ection." Again, there were no substantive arguments proffered. For the same reasons as in step one, we conclude the mother waived any alleged error related to step two and the best interests of the child.

But as to the mother's final claim—that there was a permissive exception that should be applied to avoid the termination of her parental rights—we disagree with the State on whether the mother waived her challenge. Her third argument addresses the correct statutory provision, provided a cite to relevant caselaw, and included a basic argument that termination would be detrimental to the child's well-being. The mother's argument, albeit brief, is cogent and worthy of review. As a result, we proceed to the merits of the mother's arguments on step three.

The mother argues that "there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Once the State proves a ground for termination, it is the parent resisting termination who bears the burden to establish an exception to termination under section 232.116(3). *In re A.S.,* 906 N.W.2d 467, 476 (Iowa 2018). "We may use our discretion, 'based on the unique circumstances of

each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *Id.* at 475 (citation omitted).

After our review, we agree with the juvenile court—a permissive exception is not warranted. The mother argues that she "actively participated in services and resources" provided by the Iowa Department of Health and Human Services (HHS) and "progress[ed] toward case goals and maintained visitation with the child." We acknowledge the mother has a bond with the child; HHS's report to the court in anticipation of the termination hearing stated "[A.T.] and [the mother] have a clear bond; [the mother] typically is very engaged and interacts well during their visits." But when deciding whether to apply the permissive exception in section 232.116(3)(c), which allows the court to forgo termination when there is clear and convincing evidence "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship," we compare the harm of termination against the child's need for permanency. *See, e.g., A.B.*, 957 N.W.2d at 301 ("Although [the parent] has participated in this case and formed some bond with [the child], it is not clear terminating his parental rights to her would be more detrimental to her than giving her permanency."). The mere existence of a parent-child bond is not enough to establish that the termination of parental rights would be detrimental to the child. *See D.W.*, 791 N.W.2d at 709 ("Although it is clear that [the parent] loves her son, our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs."). We do not doubt the mother loves her child, but we will not apply a permissive exception to termination and open the door to additional instability.

Here, the mother admitted that she used both methamphetamine and marijuana "a couple of days" before the termination hearing. And she tested positive for methamphetamine or amphetamines on samples collected on August 16 and October 18, 2024, and February 1, February 16, March 10, and April 2, 2025. On April 28, a sweat patch was to be collected, but the mother did not appear; so we presume the test was positive. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases where missed tests are presumed positive for substance use). With these unresolved issues impeding the mother's reunification with the child, she failed to show by clear and convincing evidence that the bond between her and child was so strong that "termination would be detrimental to the child." *See* Iowa Code § 232.116(3)(c) (requiring proof of the exception by "clear and convincing evidence"). Instead, the evidence shows the mother's behavior would likely be detrimental to the child's safety. *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."). As the juvenile court noted, there was no reason presented to show that the child would be disadvantaged by the termination of the mother's parental rights.

And the child is currently placed with her adult cousin and their family. This placement is pursuing foster care certification in the hopes of adopting A.T. According to HHS's report to the court for the termination hearing, the child is safe in the care of her cousin and her basic needs are met. The Families First Counseling Services worker described the child as "happy, healthy, and well[-]adjusted at her placement."

Given the analysis set out above, we affirm the termination of the mother's parental rights.

**AFFIRMED.**